CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CYNTHIA JOHNSON (CABN 328932)
Special Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3693
   FAX: (510) 637-3724
   Cynthia.Johnson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>TIMOTHY EVANS, JR.<br><br>  Defendant. | Case No.: 4:24-CR-00545-YGR<br><br>GOVERNMENT'S SENTENCING MEMORANDUM<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Date: August 14, 2025<br>Time: 1:30 PM |

I.   INTRODUCTION

Between May - August 2023, Defendant Timothy Evans, Jr., a former United States Postal Service City Carrier, embezzled mail entrusted to him. On April 9, 2025, Mr. Evans pleaded guilty to a single count of mail theft by a postal employee, in violation of 18 U.S.C. § 1709. Given Mr. Evans troubled and lengthy criminal history that spans nearly two decades, and recent difficulty remaining compliant while on pretrial release, the government agrees with U.S. Probation's sentencing recommendation of three years of probation. The Government also recommends that the court impose 50 hours of community services (*see* 18 U.S.C. § 3563(a)(2), see also PSR ¶ 69) and a mandatory special assessment of $100. This sentence is reasonable and sufficient, but not greater than necessary, to achieve the goals of sentencing.

## II. BACKGROUND

### A. The Offense Conduct

From around May 2023 through August 2023, Mr. Evans was employed by the U.S. Postal Service as a letter carrier in Oakland and entrusted to deliver the mail for the Postal Service. Evans used his official position to steal the contents of mail, including cash and checks, intended for postal customers. In addition to stealing and destroying mail on many occasions, Evans was observed drinking alcohol and sleeping in his postal truck while on duty. Because of his criminal conduct, Evans has undermined the integrity of the mail system and violated the public's trust in the Postal Service.

### B. The Defendant's Criminal History

Mr. Evans has a criminal history that stretches back to 2007 when he was a teen – he is now 37 years old. His criminal history includes numerous arrests for possession of controlled substances and driving under the influence as well as grand theft and vandalism. Although Evans only has a criminal history category of II, it is important to note that he has been given many chances through probation and deferred judgments to avoid convictions. *See* PSR ¶¶ 29-43.

## III. SENTENCING GUIDELINES CALCULATION

The Guidelines offense level calculation for this case is as follows:

a. Base Offense Level:                                                          6
   (U.S.S.G. §§ 2B1.1)

b. Specific Offense Characteristics
   (U.S.S.G § 2B1.1(b)(2)(A) - 10 or more victims)                              +2

c. Specific Offense Characteristics
   (U.S.S.G § §3B1.3 - Abuse of position of trust)                              +2

d. Acceptance of Responsibility                                                 -2

e. Adjusted Offense Level:                                                      8

The Guidelines offense level calculation in the PSR matches the above calculation. PSR ¶ 26. Mr. Evans's Criminal History Category is II, which results in a Guidelines sentencing of 4 to 10 months. PSR ¶ 66. The maximum penalties for violating 18 U.S.C. § 1709 is five years of imprisonment, three years supervised release, one to five years of probation, a $250,000 fine, and a $100 special assessment.

## IV. SENTENCING RECOMMENDATION

a. **Legal Standard**

Although the U.S. Sentencing Guidelines are not binding, they serve as "the starting point and the initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991 (citation omitted). In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

- the nature and circumstances of the offense and the history and characteristics of the defendant;
- the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- the need for the sentence imposed to afford adequate deterrence to criminal conduct; and
- the need for the sentence to protect the public from future crimes of the defendant.

b.  **Recommended Sentence and Section 3553(a) Factors**

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government agrees with U.S. Probation and recommends a sentence of three years of probation. As U.S. Probation notes in the presentencing report, "while no formal violations have been filed…records from U.S. Pretrial Services reflect numerous instances of non-compliance. Specifically, the defendant has struggled with sobriety, evidenced by multiple positive [drug] tests for marijuana, as well as [Evans's] own admissions of consuming alcohol in violation of his alcohol abstinence condition." *See* PSR at p. 20. Despite these pretrial violations, Evans has been able to obtain employment. *Id* at p. 21. A noncustodial sentence is warranted based on Mr. Evans's success in maintaining employment as well as his efforts to maintain his sobriety since May 2025. *Id*.

The nature and circumstances of Mr. Evans's criminal conduct should not be minimized, as they reflect a longstanding pattern of disregard for the law and an ongoing struggle with substance abuse that he has battled for decades. Being on probation for three years will provide Mr. Evans with tools and resources he needs to stay on the right track and change his life for the better. Moreover, Mr. Evans has demonstrated acceptance of responsibility. He admitted the conduct, pleaded guilty and cooperated with Probation during the presentence interview. *Id*. at ¶ 16. Notably, he is a husband and a father of a fifteen-year-old son with whom he maintains a relationship. *Id*. at ¶ 51.  Balancing all these considerations, the Government believes

a sentence of three years of probation is reasonable and appropriate in this case, as it reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public. 18 U.S.C. § 3553(a)(2). The Government further agrees with probation that the recommended sentence will "provide the defendant with needed treatment to support his sobriety." *See* PSR at p. 21.

## V.   CONCLUSION

For the foregoing reasons, the Government respectfully recommends that the Court impose a sentence of 3 years of probation, subject to conditions proposed by U.S. Probation. The Government also recommends that the court impose 50 hours of community services and a mandatory special assessment of $100.

Respectfully submitted,

Dated: August 11, 2025

CRAIG H. MISSAKIAN
United States Attorney

            /S/
CYNTHIA JOHNSON
Special Assistant United States Attorney